FILED
NOV - 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FERNANDO ZEVALLOS GONZALEZ<br>Las Laderas 425,<br>Urb. Casuarinas<br>Surco, Lima, Peru, and<br><br>IAC INTERNATIONAL, INC.<br>8940 N.W. 24 Terrace<br>Miami, FL 33172,<br><br>    Plaintiffs,<br><br>    v.<br><br>GEORGE W. BUSH,<br>  in his official capacity as<br>  President of the United States<br>1600 Pennsylvania Avenue, N.W.<br>Washington, DC 20500,<br><br>ROBERT W. WERNER,<br>  in his official capacity as<br>  Director, Office of Foreign Assets Control<br>  of the U.S. Treasury Department<br>1500 Pennsylvania Avenue, N.W.<br>Annex Building<br>Washington, DC 20220, and<br><br>THE UNITED STATES<br>TREASURY DEPARTMENT, OFFICE<br>OF FOREIGN ASSETS CONTROL<br>1500 Pennsylvania Avenue, N.W.<br>Annex Building<br>Washington, DC 20220,<br><br>    Defendants. | CASE NUMBER  1:05CV02196<br><br>JUDGE: Colleen Kollar-Kotelly<br><br>DECK TYPE: Administrative Agency Rev:<br><br>DATE STAMP: 11/7/2005 |

## COMPLAINT

Plaintiffs Fernando Zevallos Gonzalez ("Mr. Zevallos") and IAC International, Inc.

("IAC") bring this complaint against Defendants George W. Bush, in his official capacity as

President of the United States, against Robert W. Werner, in his official capacity as Director,

Office of Foreign Assets Control of the U.S. Treasury Department, and against the United States Treasury Department, Office of Foreign Assets Control ("OFAC") and assert as follows:

## NATURE OF THE CASE

1. On June 1, 2004, pursuant to the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. §§ 1901 *et seq.*, President Bush designated Mr. Zevallos as a "Significant Foreign Narcotics Trafficker" (hereinafter "the Narcotics Kingpin Designation" or "Designation"). The same day, OFAC issued blocking notice FAC No. SDNT-225553 against IAC, on the ground that IAC was "owned and/or controlled by Fernando Zevallos" ("the Blocking Notice"). The Blocking Notice "block[ed] all property and interests in property that are owned or controlled by IAC International, Inc. . . . pending further investigation and resolution of this matter."

2. At the time of the Narcotics Kingpin Designation, Mr. Zevallos was a businessman engaged in lawful commercial activity, including the operation of IAC. The Designation has deprived Mr. Zevallos of property and access to his property and prevented him from engaging in legitimate business transactions. The Designation has functioned as a blacklisting of Mr. Zevallos by stigmatizing him in the media, among the general public, and among those with whom he had personal and business relationships. The Designation has been used against him in Peruvian court proceedings. The Designation and Blocking Notice have destroyed IAC, a Florida corporation based in Miami.

3. Despite the severe harm flowing from a designation as a Significant Foreign Narcotics Trafficker, the issuance of a blocking notice based on such a designation, and the other sanctions and adverse consequences flowing from such a designation, the government has not established any administrative procedures that afford a person or entity the opportunity

to contest a designation, the issuance of a blocking notice, or other sanctions, and Mr. Zevallos and IAC have been afforded no meaningful opportunity to contest the government's actions against them.

4. Mr. Zevallos is not a narcotics trafficker, and his counsel has provided the government ample evidence that he is not. The Narcotics Kingpin Designation is intended to punish Mr. Zevallos and IAC while avoiding the constitutional and other protections that they would be afforded in criminal or civil proceedings.

5. By this civil action, Mr. Zevallos and IAC seek to remove the Narcotics Kingpin Designation and the Blocking Notice and all resulting sanctions because the government has violated their rights under the United States Constitution and the Administrative Procedure Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 702 (Administrative Procedure Act) and 28 U.S.C. § 1331 (Federal Question).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 703.

## PARTIES

8. Plaintiff Fernando Zevallos Gonzalez holds the status of lawful permanent resident of the United States (Alien Registration Number A73779988) and first came to the United States in 1989. As a lawful permanent resident, Mr. Zevallos developed and maintains substantial connections with the United States. He is currently married to a United States citizen and has seven children. Six of his children are United States citizens, and the seventh is a permanent resident of the United States. Mr. Zevallos resided in the United States for ten

years. During that time he developed and maintained companies in the United States, including IAC. Mr. Zevallos also currently owns property in the United States, including bank accounts and interests in IAC.

9.  Plaintiff IAC International, Inc. is a corporation organized under the laws of the State of Florida, with its principal place of business in Florida. IAC provides consulting services to airlines and buys and sells aircraft parts. IAC maintains a single office in Miami, Florida.

10. Defendant George W. Bush is the President of the United States. He is sued only in his official capacity.

11. Defendant Robert W. Werner is the Director of the Office of Foreign Assets Control, Department of the Treasury. He is sued only in his official capacity.

12. Defendant Office of Foreign Assets Control is an agency within the United States Treasury Department, and it administers and enforces sanctions under authority granted, *inter alia*, by the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. §§ 1901 – 1908.

### FACTS

13. On June 1, 2004, Defendant Bush, in his capacity as the President of the United States, designated Fernando Zevallos Gonzalez as a "Significant Foreign Narcotics Trafficker."

14. The same day, IAC received Blocking Notice FAC No. SDNT-225553 from OFAC informing it that OFAC "had reason to believe" that IAC "is owned and/or controlled by Fernando Zevallos," a person designated as a significant foreign narcotics trafficker.

4

15. Neither Mr. Zevallos nor IAC was notified that the President or OFAC was considering making the Narcotics Kingpin Designation or issuing the Blocking Notice before those actions were taken.

16. Neither the United States nor any State has ever charged Mr. Zevallos or IAC with any crime or instituted any civil proceeding against either of them.

17. Mr. Zevallos has never been convicted in any country of trafficking in narcotics.

18. Once the designation and blocking occurred, the Kingpin Act and implementing regulations precluded United States counsel from receiving payment for any services provided to Mr. Zevallos and IAC unless OFAC issued counsel a license. On June 4, 2004, the law firm of Thornton and Rothman, P.A. submitted a written request to OFAC for a specific license to receive payment for legal services. Over a month later, OFAC issued the license.

19. On August 16, 2004, Zuckerman Spaeder LLP also submitted a written request to OFAC for a license to receive payment for legal services. OFAC issued the license to Zuckerman Spaeder LLP on August 23, 2004.

20. In August 2004, the Ministry of Foreign Relations of Peru, by Ministry Note No. RE(LEG) No. 6-3/334, forwarded to the United States Embassy in Peru a request by Mr. Zevallos to review the evidence supporting the Narcotics Kingpin Designation. By diplomatic note No. 851, dated September 24, 2004, the United States Embassy in Peru denied Mr. Zevallos' request to review the evidence and assured the Peruvian Ministry that "Mr. Zevallos will be afforded due process in accord with United States laws."

21. On November 24, 2004, counsel for Mr. Zevallos and IAC submitted a written request to OFAC asking to inspect and copy the record on which the Narcotics Kingpin Designation and Blocking Notice were based.

22.	On December 23, 2004, without having received the requested information or any other response, Mr. Zevallos and IAC, through counsel, provided to the government a written submission and hundreds of pages of supporting evidence (collectively "the Submission") establishing that Mr. Zevallos never has been a narcotics trafficker and that there was no factual or legal basis to make the Narcotics Kingpin Designation. The Submission revealed, *inter alia*, that the DEA had engaged in an lengthy, unsuccessful, illegal campaign to secure a prosecution of Mr. Zevallos in the United States, Peru, and Chile, and that the Designation was an effort to harm Mr. Zevallos without affording him the protections that would be required in a criminal or civil court proceeding. The Submission established that the DEA procured the Designation based on incomplete, false, and misleading information that could never withstand the adversarial process or judicial scrutiny. Counsel for Mr. Zevallos provided the Submission to the President of the United States, the Department of Justice, and OFAC.

23.	The Submission requested as relief the removal of the Narcotics Kingpin Designation and the rescission of all blocking notices and other sanctions against Mr. Zevallos, IAC, and all other alleged affiliates of Mr. Zevallos.

24.	For approximately two months following service of the Submission on the government, counsel for Mr. Zevallos and IAC contacted OFAC on multiple occasions and sought to determine what process would be afforded for reviewing the Submission and reconsidering the Designation and Blocking Notice. No information about the process was provided. On one occasion during this period, counsel for OFAC informed counsel for Mr. Zevallos that a response to the Submission could take months or *years*.

25.	On February 15, 2005, almost two months following the submission, a trial attorney in the Civil Programs Branch of the Department of Justice ("the DOJ Attorney")

6

notified counsel for Mr. Zevallos by letter that she would serve as "the government point of contact during the government's consideration of the submission." That letter from the DOJ Attorney was devoid of any reference to a response time or to counsel's previous request to review the evidence substantiating the designation of Mr. Zevallos.

26. Since February 15, 2005, counsel for Mr. Zevallos and IAC have regularly contacted the DOJ Attorney to seek updates on the status of the government's review of the Submission. At no point has the government provided any indication when it will complete its review.

27. On May 9, 2005, counsel for Mr. Zevallos and IAC once again sent a letter to the DOJ Attorney describing the continued prejudice suffered by Mr. Zevallos and IAC as a result of the Narcotics Kingpin Designation and Blocking Notice. That letter stated *inter alia* that the United States Ambassador to Peru and DEA agents had made public statements widely reported in the Peruvian media proclaiming Mr. Zevallos to be a Narcotics Kingpin while proceedings against Mr. Zevallos were ongoing in Peru. In that letter, counsel for Mr. Zevallos and IAC once again requested an opportunity to review the evidence relied upon by the government to support the Designation.

28. On June 27, 2005, ten months after Mr. Zevallos made his initial request to review the record, the DOJ Attorney finally provided counsel for Mr. Zevallos and IAC a copy of what was described as some of the "non-sensitive" and "non-privileged" materials supporting the Designation. The materials do not establish that Mr. Zevallos qualifies for designation as a "Significant Foreign Narcotics Trafficker" under the Kingpin Act. The DOJ Attorney's letter accompanying the materials stated that additional materials supporting the Designation might be released.

7

29. On September 16, 2005, the DOJ Attorney provided counsel for Mr. Zevallos and IAC a copy of what was described as additional "non-sensitive" and "non-privileged" material supporting the Designation. The materials do not establish that Mr. Zevallos qualifies for designation as a "Significant Foreign Narcotics Trafficker" under the Kingpin Act.

30. On October 17, 2005, counsel for Mr. Zevallos and IAC provided the DOJ Attorney a Supplement Submission responding to the materials provided by the DOJ attorney on June 27, 2005 and September 16, 2005.

31. Over ten months have elapsed since Mr. Zevallos and IAC provided the Defendants with the Submission contesting the Designation and Blocking Notice. The Defendants have failed to provide any substantive response to the Submission.

32. The Narcotics Kingpin Designation has curtailed Mr. Zevallos' liberty and ability to travel. By virtue of the Designation, Mr. Zevallos is inadmissible to the United States under the immigration laws.

33. The Narcotics Kingpin Designation has stigmatized Mr. Zevallos and destroyed his reputation. The Designation has been widely and frequently reported in the Peruvian and world media, and United States officials have relied on the designation by identifying Mr. Zevallos as a Narcotics Kingpin in public statements to the Peruvian and United States media. The Designation is readily accessible on OFAC's website. The Designation has been cited in proceedings against Mr. Zevallos in the Peruvian courts. The Designation has severely harmed Mr. Zevallos' ability to pursue legitimate business activities.

34. The Narcotics Kingpin Designation has deprived Mr. Zevallos of property and his interests in property. The financial harm to Mr. Zevallos includes the freezing of his bank accounts in the United States and the loss of income from legitimate business activities,

including IAC. Mr. Zevallos also has been precluded from engaging in financial transactions with numerous financial institutions and businesses in the United States, Peru, and throughout the world.

35. The Designation and Blocking Notice have deprived IAC of property and the use of property. IAC has been inoperable for over a year and has lost many business opportunities and the resulting profit. IAC's equipment, including computers, copiers and printers, have been unusable and non-transferable, and have depreciated in value. In addition to losses in the tangible assets of the company, the Designation and Blocking Notice have reduced, if not completely obliterated, the value of IAC's goodwill.

36. The Blocking Notice issued to IAC stated that it was to be in effect "pending further investigation and resolution of this matter." Almost one and a half years after its issuance, there is no indication when, if ever, "the investigation" of "this matter" will be completed or when there will be any "resolution."

37. Defendants have failed and refused to state when they will complete their review of the Submission and Supplemental Submission or when, if ever, they will decide the request to rescind the Narcotics Kingpin Designation and the Blocking Notice and to remove all other sanctions against Mr. Zevallos and IAC.

38. Because Mr. Zevallos is a lawful permanent resident and has other substantial connections to the United States, he is entitled to the protections of the laws and Constitution of the United States.

39. Because IAC is incorporated in the State of Florida in the United States and has its principal place of business in Miami, Florida, it is entitled to the protections of the laws and Constitution of the United States.

## COUNT I – PROCEDURAL DUE PROCESS - ZEVALLOS

40. Plaintiffs incorporate herein by reference and make a part hereof the allegations contained in paragraphs 1 through 39.

41. The Narcotics Kingpin Designation deprives Mr. Zevallos of his property, liberty, and reputation.

42. Prior to the Designation, Mr. Zevallos received no notice from the President or OFAC of his proposed designation as a Significant Foreign Narcotics Trafficker and was afforded no opportunity to be heard or otherwise contest the proposed designation.

43. Following the Designation, Mr. Zevallos has been afforded no meaningful opportunity to be heard or otherwise contest the Designation.

44. The Defendants have deprived, and continue to deprive, Mr. Zevallos of his property, liberty, and reputation without due process in contravention of the Fifth Amendment of the United States Constitution.

## COUNT II – PROCEDURAL DUE PROCESS – IAC

45. Plaintiffs incorporate herein by reference and make a part hereof the allegations contained in paragraphs 1 through 39.

46. The Blocking Notice and Designation deprive IAC of its property.

47. Prior to the issuance of the Blocking Notice and the Designation, IAC received no notice from the President or OFAC of the proposed Blocking Notice or Designation and was afforded no opportunity to be heard or otherwise contest the proposed Blocking Notice and Designation.

48. Following the issuance of the Blocking Notice and the Designation, IAC has been afforded no meaningful opportunity to be heard or otherwise contest the Blocking Notice and Designation.

49. The Defendants have deprived, and continue to deprive, IAC of its property without Due Process in contravention of the Fifth Amendment of the United States Constitution.

## COUNT III
### TAKING OF PROPERTY IN VIOLATION OF THE FIFTH AMENDMENT - ZEVALLOS

50. Plaintiffs incorporate herein by reference and make part hereof the allegations of paragraphs 1 through 39.

51. The Fifth Amendment of the United States Constitution prohibits the taking of private property for public use without just compensation.

52. The Narcotics Kingpin Designation completely deprives Mr. Zevallos of all economically beneficial use of his property and assets without just compensation.

53. The Defendants have violated and continue to violate Mr. Zevallos' rights afforded him by the Fifth Amendment takings clause.

## COUNT IV
### TAKING OF PROPERTY IN VIOLATION OF THE FIFTH AMENDMENT - IAC

54. Plaintiffs incorporate herein by reference and make part hereof the allegations of paragraphs 1 through 39.

55. The Fifth Amendment of the United States Constitution prohibits the taking of private property for public use without just compensation.

56. The Blocking Notice and Narcotics Kingpin Designation completely deprive IAC of all economically beneficial use of its property and assets without just compensation.

57. The Defendants have violated and continue to violate IAC's rights afforded it by the Fifth Amendment takings clause.

## COUNT V
## SUBSTANTIVE DUE PROCESS - ZEVALLOS

58. Plaintiffs incorporate herein by reference and make part hereof the allegations of paragraphs 1 through 39.

59. The Foreign Narcotics Kingpin Designation Act, at 21 U.S.C. § 1907(7), defines a "Significant Foreign Narcotics Trafficker" as a "foreign person that plays a significant role in international narcotics trafficking," as determined by, and publicly identified by, the President. Under the Act, at 21 U.S.C. § 1901(a)(4) and (b), a Significant Foreign Narcotics Trafficker also must threaten the national security, foreign policy, and economy of the United States.

60. Mr. Zevallos does not satisfy the definition of a "Significant Foreign Narcotics Trafficker." He was not a narcotics trafficker at the time of the Designation and is not currently a narcotics trafficker. He did not play a significant role in international narcotics trafficking at the time of the Designation and does not do so now. He did not threaten the national security, foreign policy, and economy of the United States and does not do so now. The Foreign Narcotics Kingpin Designation Act is not intended to allow the designation of a permanent resident alien.

61. The Narcotics Kingpin Designation of Mr. Zevallos was arbitrary, intended to avoid the heightened legal requirements for criminal charges, deliberately flouted the law in a manner that harms Mr. Zevallos' significant personal and property rights, and shocks the conscience.

62. The Defendants have violated and continue to violate Mr. Zevallos' rights afforded him by the Fifth Amendment's substantive due process protections.

12

## COUNT VI – SUBSTANTIVE DUE PROCESS – IAC

63. Plaintiffs incorporate herein by reference and make part hereof the allegations of paragraphs 1 through 39 and 59 through 62.

64. The issuance of the Blocking Notice and the Designation were arbitrary, intended to avoid the heightened legal requirements for criminal charges, deliberately flouted the law in a manner that harms IAC's significant property rights, and shock the conscience.

65. The Defendants have violated and continue to violate IAC's rights afforded it by the Fifth Amendment's substantive due process protections.

## COUNT VII
## UNCONSTITUTIONAL BILL OF ATTAINDER-ZEVALLOS

66. Plaintiffs incorporate herein by reference and make part hereof the allegations of paragraphs 1 through 39.

67. The Narcotics Kingpin Designation of Mr. Zevallos is a blacklisting of him.

68. By enacting the Foreign Narcotics Kingpin Designation Act, Congress authorized the President to blacklist persons as Narcotics Kingpins and OFAC to impose sanctions against them and their alleged affiliates. By section 804 of the Act, 21 U.S.C. § 1903, requiring annual reports of blacklisted persons to Congressional committees, Congress is integrally involved in the process of blacklisting.

69. The Narcotics Kingpin Designation of Mr. Zevallos and accompanying sanctions constitute a punishment that violates the prohibition on bills of attainder in the United States Constitution.

## COUNT VIII
## UNCONSTITUTIONAL BILL OF ATTAINDER-IAC

70. Plaintiffs incorporate herein by reference and make part hereof the allegations of paragraphs 1 through 39.

71. The Narcotics Kingpin Designation and the issuance of the Blocking Notice are a blacklisting of IAC.

72. By enacting the Foreign Narcotics Kingpin Designation Act, Congress authorized the President to blacklist persons as Narcotics Kingpins and OFAC to impose sanctions against them and their alleged affiliates. By section 804 of the Act, 21 U.S.C. § 1903, requiring annual reports of blacklisted persons to Congressional committees, Congress is integrally involved in the process of blacklisting.

73. The Designation and Blocking Notice constitute a punishment that violates the prohibition on bills of attainder in the United States Constitution.

## COUNT IX
## UNLAWFUL AGENCY ACTION - ZEVALLOS

74. Plaintiffs incorporate herein by reference and make part hereof the allegations of paragraphs 1 through 73.

75. The Narcotics Kingpin Designation of Mr. Zevallos, the issuance of the Blocking Notice, the imposition of other sanctions, and the refusal to remove the Designation, Blocking Notice, and other sanctions constitute final agency action.

76. The Designation, the Blocking Notice, the imposition of other sanctions, and the refusal to remove the Designation, Blocking Notices, and other sanctions were and are: (A) arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, and immunity; (C) in excess of statutory jurisdiction,

authority, and limitations, and short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence; and (E) unwarranted by the facts.

## COUNT X
## UNLAWFUL AGENCY ACTION -- IAC

77.     Plaintiffs incorporate herein by reference and make part hereof the allegations of paragraphs 1 through 73.

78.     The Narcotics Kingpin Designation of Mr. Zevallos, the issuance of the Blocking Notice to IAC, the imposition of other sanctions, and the refusal to remove the Designation, Blocking Notice, and other sanctions constitute final agency action.

79.     The Designation, the Blocking Notice, the imposition of other sanctions, and the refusal to remove the Designation, Blocking Notices, and other sanctions were and are: (A) arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, and immunity; (C) in excess of statutory jurisdiction, authority, and limitations, and short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence; and (E) unwarranted by the facts.

WHEREFORE, Plaintiffs Fernando Zevallos Gonzalez and IAC International, Inc. demand all relief that is just and proper, including entry of judgment:

1. Declaring that the designation of Mr. Zevallos as a Significant Foreign Narcotics Trafficker and the issuance of the Blocking Notice to IAC violate the United States Constitution;

2. Declaring that the designation of Mr. Zevallos as a Significant Foreign Narcotics Trafficker and the issuance of the Blocking Notice to IAC violate the Administrative Procedure Act;

3. Ordering the Defendants: (a) to remove the name of Mr. Zevallos from all lists and other compilations of Significant Foreign Narcotics Traffickers, (b) to remove from all lists and other compilations the names of any persons or entities, including IAC, subject to sanctions based on the designation of Mr. Zevallos as a Significant Foreign Narcotics Trafficker, and (c) to rescind all blocking notices, including the blocking notice issued to IAC, based on the designation of Mr. Zevallos as a Significant Foreign Narcotics Trafficker;

4. Permanently enjoining Defendants from enforcing any sanction against Mr. Zevallos or any person or entity, including IAC, based on the designation of Mr. Zevallos as a Significant Foreign Narcotics Trafficker, or, alternatively, enjoining Defendants from enforcing any sanction against Mr. Zevallos or any person or entity, including IAC, based on the designation of Mr. Zevallos as a Significant Foreign Narcotics Trafficker unless and until such designation is made in accordance with the United States Constitution, including requiring a trial, or alternatively a hearing, at which the government must establish that Mr. Zevallos is a Significant Foreign Narcotics Trafficker; and

5. Awarding Plaintiffs their attorney's fees and costs.

*[signature]*
Blair G. Brown
D.C. Bar #372609
Zuckerman Spaeder LLP
1800 M. Street, N.W.
10th Floor
Washington, DC 20036
Telephone: (202) 778-1829
Facsimile:   (202) 822-8106
bbrown@zuckerman.com

Of Counsel:

David B. Rothman
Thornton & Rothman, P.A.
Wachovia Financial Center
Suite 2690
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 358-9000
Facsimile:   (305) 374-5747

*Attorneys for Plaintiffs Fernando Zevallos
        Gonzalez and IAC International, Inc.*